| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Gilbert R. Yabes (SBN 267388)<br>gyabes@aldridgepite.com<br>Megan E. Lees (SBN 277805)<br>mlees@aldridgepite.com<br>ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858)750-7600<br>Facsimile: (619) 590-1385<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>LORENA LARA,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-27675-SK<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE:  February 17, 2016<br>TIME:  8:30 a.m.<br>COURTROOM: 1575 |

**Movant:** U.S. BANK N.A., AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC. MORTGAGE-PASS THROUGH CERTIFICATES, SERIES 2006-AR7

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*)_____ and (*time*)_____; and, you may appear at the hearing:

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  January 19, 2016

Aldridge Pite, LLP
Printed name of law firm (if applicable)

Gilbert R. Yabes
Printed name of individual Movant or attorney for Movant

*/s/ Gilbert R. Yabes*
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 2                          F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY[1]

1. **Movant is the:**

    ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☒ Other (*specify*): Movant is the pre-foreclosure assignee of the beneficiary of the Deed of Trust and Note Holder as discussed more fully herein, in addition to the owner of the Property by virtue of the foreclosure sale on November 19, 2015, at which the Property reverted to Movant. (See Real Property Declaration, Exhibits, 1-3 & 8).

2. **The Property at Issue (Property):**

    a. Address:

    *Street address:* 1305 West Birchcrest Avenue
    *Unit/suite number:*
    *City, state, zip code:* Brea, California 92821

    b. Legal description or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _2_): Orange County; Inst. No. 2006000444184

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary bankruptcy petition under Chapter ☐ 7    ☐ 11    ☐ 12    ☒ 13 was filed on (*date*) 11/18/2015_____.

    b. ☐ An order to convert this case to chapter ☐ 7    ☐ 11    ☐ 12    ☐ 13 was entered on (*date*): _____.

    c. ☐ A plan, if any, was confirmed on (*date*): _____.

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☐ Movant's interest in the Property is not adequately protected.

        (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

        (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

        (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☒ The bankruptcy case was filed in bad faith.

        (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (B) ☒ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

        (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

        (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

        (F) ☒ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.RP.MOTION

    (3) ☐ *(Chapter 12 or 13 cases only)*

        (A) ☐ All payments on account of the Property are being made through the plan.

            ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

        (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

    (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

    (5) ☐ The Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

    (6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

    a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☒ Other (*specify*): See attached Memorandum of Points and Authorities on pp. 7-8.

6. **Evidence in Support of Motion: (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

    a. The REAL PROPERTY DECLARATION on page ~~6~~ 9 of this motion.

    b. ☐ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

    d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.RP.MOTION

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: January 19, 2016

Aldridge Pite, LLP
Printed name of law firm (*if applicable*)

Gilbert R. Yabes
Printed name of individual Movant or attorney for Movant

*/s/ Gilbert Yabes*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                Page 5                F 4001-1.RFS.RP.MOTION

## ATTACHMENT 4.a.(2)(F), 4.a.(6)

☒ On July 1, 2015, Paul Mendoza ("Borrower"), the original borrower, filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:15-bk-20563-VZ. Borrower's case was dismissed on July 29, 2015, and subsequently terminated on November 3, 2015. A copy of the court's case docket is attached hereto as Exhibit 4.

☒ On or about November 18, 2015, an unauthorized Grant Deed was executed and subsequently recorded in the Orange County Recorder's office whereby Borrower purported to transfer interest in the Subject Property to Lorena Lara, the Debtor herein, as a "gift," for no consideration. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 5 and incorporated herein by reference.

## ATTACHMENT 4.a.(6)

☒ As a result of the Borrower's default under the Note described more fully herein, a Notice of Default was recorded in the Official Records of Orange County, State of California on August 13, 2012. Thereafter, on June 5, 2015, a Notice of Sale was recorded in the Official Records of Orange County, State of California. A copy of the Notice of Default and Notice of Sale are attached hereto as Exhibits 6 and 7, respectively, and incorporated herein by reference.

☒ On November 19, 2015, approximately one (1) day after Debtor's filing of this case, Movant, acting through its duly appointed foreclosure trustee and without knowledge of Debtor's bankruptcy case, conducted a trustee's sale of the Property, at which the Property reverted to Movant. A copy of the unrecorded Trustee's Deed Upon Sale is attached hereto as Exhibit 8, and incorporated herein by reference.

## ATTACHMENT 14

☒ Movant requests that the Court exercise post-dismissal jurisdiction to grant retroactive annulment of the automatic stay or, alternatively, to the extent the court determines the transfer of the Property was not valid and the Property was not subject to the protections of the Automatic Stay, Movant requests an order confirming the Automatic Stay was not in effect at the time of the foreclosure sale.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                                    F 4001-1.RFS.RP.MOTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.  **SUFFICIENT CAUSE EXISTS TO ANNUL THE AUTOMATIC STAY TO VALIDATE MOVANT'S FORECLOSURE SALE**

   1.  *Legal Standard*.

   Section 362 of the Bankruptcy Code creates an automatic stay applicable to all entities that, in general, and with some specific exceptions, stays all acts to create, perfect, or enforce any lien against property of the estate and/or to obtain possession of property of the estate. Pursuant to well settled Ninth Circuit precedent, actions taken in violation of the automatic stay are void. See Schwartz v. United States (In re Schartz), 954 F.2d 569, 571 (9th Cir. 1992); see also Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir. 2000). However, the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay." 11 U.S.C. § 362(d). Indeed, in appropriate circumstances, the court may annul the automatic stay retroactively to validate an act that was committed in violation of the stay and would otherwise be void. See In re Siciliano, 13 F.3d 748, 751 (3rd Cir. 1994); see also Schartz, supra at 573.

   Generally, the bankruptcy court has wide latitude to determine whether annulment of the automatic stay is appropriate and makes a case-by-case determination by balancing the equities. In re Fjeldsted, 293 B.R. 12, 26 (9th Cir. B.A.P. 2003). Although no one factor is dispositive, courts typically focus on two factors, including: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. Other factors courts consider include: (1) the number of filings; (2) whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; (3) a weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser; (4) the debtor's overall good faith (based upon the totality of the circumstances); (5) whether creditors knew of the stay, but nonetheless took action, thus compounding the problem; (6) whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules; (7) the relative ease of restoring parties to the status quo ante; (8) the costs of annulment to debtors and creditors; (9) how quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; (10) whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; (11) whether annulment of the stay will cause irreparable injury to the debtor; and (12) whether stay relief will promote judicial economy or other efficiencies. Id. at 25.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 7                                         **F 4001-1.RFS.RP.MOTION**

### 2. *Cause Exists to Annul the Automatic Stay*

In this case, Movant conducted an otherwise lawful foreclosure sale and sold the Property at a public auction on November 19, 2015, just one (1) day after the Debtor's filing of the instant case. There is sufficient cause to annul the automatic stay in this case for several reasons but perhaps most important as the evidence suggests the instant case was hi-jacked by the original borrower as part of a bad faith scheme to delay, hinder and/or defraud Movant from exercising its state law remedies to foreclose on the Property. Indeed, following the dismissal of his own bankruptcy case, the borrower executed an unauthorized grant deed whereby he purported to transfer an interest in the Property to Debtor who in turn filed for bankruptcy the day before the scheduled foreclosure sale. Also, Debtor's case was dismissed for Debtor's failure to comply with the Bankruptcy Code by filing the required schedules, statements and/or Plan. The foregoing facts provide strong evidence that the case was filed as part of a bad faith scheme rather than a legitimate reorganization.

In addition to the evidence of bad faith, several of the remaining *In re Fjeldsted* factors also weigh in favor of annulment. For instance, Movant did not have knowledge of Debtor's bankruptcy filing at the time of the foreclosure sale which can be explained by the fact that Debtor is not the original borrower, Debtor otherwise claims no interest in the Property and only received an alleged interest in the Property via unauthorized grant deed the day before the sale. Also, Movant would be unduly prejudiced in the event the Automatic Stay is not annulled whereas Debtor would not be prejudiced by virtue of the Court granting annulment. Indeed, if annulment is not granted the foreclosure sale will be deemed null and void as a matter of law and Movant will be forced to incur additional and otherwise unnecessary fees and costs to rescind the sale and conduct a new sale as well as endure additional delay before it can obtain possession of the Property it purchased. Conversely, Debtor will not be prejudiced in the event annulment is not granted as Movant was otherwise entitled to relief from the Automatic Stay and because Debtor does not list an interest in the Property and her case was subsequently dismissed so the Property is not necessary for an effective reorganization by Debtor. Lastly, upon learning of Debtor's bankruptcy filing and its effect on the validity of the sale, Movant has taken remedial action to obtain retroactive annulment of the stay to validate the sale whereas Debtor has taken no action to set aside the sale. For all of the foregoing reasons, Movant submits that sufficient cause exists to annul the automatic stay in this case to validate the foreclosure sale at which the Property reverted to Movant.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                         Page 8                                                         F 4001-1.RFS.RP.MOTION

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____Michelle Ross_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): **SEE ATTACHED CONTINUATION SHEET**

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☒ Other (*see attached*): **SEE ATTACHED CONTINUATION SHEET**

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit ___.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (*specify*): Movant is the pre-foreclosure assignee of the beneficiary of the Deed of Trust and Note Holder as discussed more fully herein, in addition to the owner of the Property by virtue of the foreclosure sale on November 19, 2015, at which the Property reverted to Movant. (See Exhibits, 1-3, & 8).

4. a. The address of the Property is:

   Street address:         1305 West Birchcrest Avenue
   Unit/suite no.:
   City, state, zip code:  Brea, California 92821

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   Orange County; Inst. No. 2006000444184

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property *(check all applicable boxes)*:
    a. ☐ Debtor's principal residence
    b. ☒ Other residence
    c. ☐ Multi-unit residential
    d. ☐ Commercial
    e. ☐ Industrial
    f. ☐ Vacant land
    g. ☐ Other *(specify)*: _____

6. Nature of Debtor's interest in the Property:
    a. ☐ Sole owner
    b. ☐ Co-owner(s) *(specify)*:
    c. ☐ Lienholder *(specify)*:
    d. ☒ Other *(specify)*: See **ATTACHMENT 6.d.**
    e. ☒ Debtor ☐ did ☒ did not    list the Property in the Debtor's schedules.
    f. ☒ The Debtor acquired the interest in the Property by    ☒ grant deed ☐ quitclaim deed ☐ trust deed. The deed was recorded on *(date)* 11/18/2015

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (specify) _____ that encumbers the Property.
    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _2_.
    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _1_.
    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _3_.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 0.00 | $ 0.00 | $ 0.00 |
| b. | Accrued interest: | $ 0.00 | $ 0.00 | $0.00 |
| c. | Late charges: | $ 0.00 | $ 0.00 | $0.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 0.00 | $ 0.00 | $0.00 |
| e. | Advances (property taxes, insurance): | $ 0.00 | $ 0.00 | $0.00 |
| f. | Less suspense account or partial balance paid: | $ [0.00    ] | $ [0.00    ] | $0.00 |
| g. | TOTAL CLAIM[1] as of *(date)*: | $ 0.00 | $ 0.00 | $0.00 |

   h. ☐ Loan is all due and payable because it matured on *( date )* _____

9. Status of Movant's foreclosure actions relating to the Property *(fill the date or check the box confirming no such action has occurred)*:
    a. Notice of default recorded on *(date)* 8/13/2012    or ☐ none recorded.
    b. Notice of sale recorded on *(date)* 6/5/2015    or ☐ none recorded.
    c. Foreclosure sale originally scheduled for *(date)* 7/2/2015    or ☐ none scheduled.
    d. Foreclosure sale currently scheduled for *(date)* n/a or ☒ none scheduled.
    e. Foreclosure sale already held on *(date)* 11/19/2015    or ☐ none held.
    f. Trustee's deed upon sale already recorded on *(date)*____ or ☒none recorded.

---

[1] The absence of figures in the payoff breakdown is based on the fact that Movant foreclosed on the Property on November 19, 2015.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 10                    F 4001-1.RFS.RP.MOTION

10. Attached *(optional)* as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ *(chapter 7 and 11 cases only)* Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20____.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date *(if applicable)*:

       An additional payment of $_____ will come due on *(date)*____, and on the ___ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

       (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

       (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

       (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

       (4) ☐ Other *(specify)*: _____

    e. **Calculation of equity/equity cushion in Property:**

       Based upon ☐ preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

       |  | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
       |---|---|---|---|
       | 1st deed of trust: |  | $ | $ |
       | 2nd deed of trust: |  | $ | $ |
       | 3rd deed of trust: |  | $ | $ |
       | Judgment liens: |  | $ | $ |
       | Taxes: |  | $ | $ |
       | Other: |  | $ | $ |
       | **TOTAL DEBT:**    $ |  |  |  |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

       (1) ☐ Preliminary title report.

       (2) ☐ Relevant portions of the Debtor's schedules.

       (3) ☐ Other *(specify)*: _____

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
       By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                Page 11                                                F 4001-1.RFS.RP.MOTION

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:
_____
_____

12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:
   a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: 12/23/2015 .
      A plan confirmation hearing currently scheduled for (or concluded on) the following date: 1/28/2016 .
      A plan was confirmed on the following date (if applicable): n/a.
   b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
   |---|---|---|---|
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |

   (See attachment for additional breakdown or information attached as Exhibit n/a .)
   c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
   |---|---|---|---|
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |
   | N/A | N/A | $0.00 | $0.00 |

   d. Postpetition advances or other charges due but unpaid:  $0.00
      *(For details of type and amount, see Exhibit n/a.)*
   e. Attorneys' fees and costs  $0.00
      *(For details of type and amount, see Exhibit n/a.)*
   f. Less suspense account or partial paid balance  $0.00
      TOTAL POSTPETITION DELINQUENCY:  $0.00
   g. Future payments due by time of anticipated hearing date *(if applicable):* n/a.
      An additional payment of $ 0.00 will come due on n/a, and on the n/a day of each month thereafter. If the payment is not received by the n/a day of the month, a latecharge of $0.00 will be charged to the loan.
   h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable)
      $0.00 received on (date) n/a
      $0.00 received on (date) n/a
      $0.00 received on (date) n/a

   i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit_____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE)*.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 12                                             F 4001-1.RFS.RP.MOTION

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:
    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.
    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.
    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.
    d. ☒ Other (*specify*): See **ATTACHMENT 17.d.**

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:
    a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.
    b. ☒ Multiple bankruptcy cases affecting the Property include: See **ATTACHMENT 18.b.**
        1. Case name:_____
           Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed:_____
           Relief from stay regarding this Property ☐ was    ☐ was not    granted.

        2. Case name:_____
           Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed:_____
           Relief from stay regarding this Property ☐ was    ☐ was not    granted.

        3. Case name:_____
           Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed:_____
           Relief from stay regarding this Property ☐ was    ☐ was not    granted.

    ☒ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 13                                    F 4001-1.RFS.RP.MOTION

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒ For other facts justifying annulment, see attached continuation page. (See attached Memorandum of Points and Authorities on pp. 7-8)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 18, 2016 | Michelle Ross | *[signature: Michelle Ross]* |
|---|---|---|
| Date | Printed name | Signature |

Vice President-Document Control of CitiMortgage, Inc. as servicing agent for U.S. Bank National Association as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR7

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 14    F 4001-1.RFS.RP.MOTION

## ATTACHMENT 1., 6.d., 17.d. & 18.b.

I, __Michelle Ross_____, declare as follows:

1. I am of sound mind, lawful age and capable of making this Declaration. The statements set forth in this Declaration are true and correct based on my personal knowledge and review of the business records described herein. I am authorized to make this Declaration on behalf of CitiMortgage, Inc. CitiMortgage, Inc. is the servicer of the loan and is authorized to act on behalf of U.S. Bank N.A., as Trustee for CitiGroup Mortgage Loan Trust Inc., Mortgage-Pass Through Certificates, Series 2006-AR7. ("Movant").

2. I am employed by CitiMortgage, Inc. as a Vice President - Document Control. In that capacity, I am familiar with the books of account and have examined all books, records, and documents kept concerning the transaction alleged in the Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (the "Motion"). All of these books, records, and documents are kept in the regular course of business and are made at or near the time of the transaction using information transmitted by persons with personal knowledge of the facts. It is the regular practice to make and keep these books, records and documents. All of these books, records, and documents are managed by employees or agents whose duty it is to keep the books, records, and documents accurately and completely.

3. My responsibilities include, but are not limited to, handling delinquent bankruptcy accounts and ascertaining amounts due and payable.

4. I have personal knowledge of the facts contained in this Declaration. Specifically, I have reviewed and have personal knowledge of the records related to the loan account associated with the certain property described as 1305 West Birchcrest Avenue, Brea, California 92821 (the "Property").

5. The Note was secured by a Deed of Trust relating to the Property. The Deed of Trust reflects that it was duly recorded. A true and correct copy of the Deed of Trust is attached hereto as Exhibit 2 and incorporated herein by reference. The Deed of Trust was assigned and transferred to Movant. A true and correct copy of the Assignments of the Deed of Trust are attached collectively hereto as Exhibit 3 and incorporated herein by reference.

6. As a result of the Borrower's default under the Note described more fully herein, a Notice of Default was recorded in the Official Records of Orange County, State of California on August 13, 2012. Thereafter, on June 5, 2015, a Notice of Sale was recorded in the Official Records of Orange County, State of California. A copy of the Notice of Default and Notice of Sale are attached hereto as Exhibits 6 and 7, respectively, and incorporated herein by reference.

7. On July 1, 2015, Paul F. Mendoza ("Borrower") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:15-bk-20563-VZ. Borrower's case was dismissed on July 29, 2015, and subsequently terminated on November 3, 2015. A copy of the court's case docket is attached hereto as Exhibit 4.

8. On or about November 18, 2015, an unauthorized Grant Deed was executed and subsequently recorded, in the Orange County Recorder's office whereby Borrower purported to transfer interest in the Subject Property to Lorena Lara, the Debtor herein, as a "gift," for no consideration. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 5 and incorporated herein by reference.

(continue on next page)

9.     On November 19, 2015, just one (1) day after Debtor's filing of this case, Movant, acting through the duly appointed foreclosure trustee and without knowledge of Debtor's bankruptcy case or purported interest in the Property, conducted a trustee's sale of the Property, at which the Property reverted to Movant. A copy of the unrecorded Trustee's Deed Upon Sale is attached hereto as Exhibit 8, and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __18__ day of __January__, 20_16_, at __Florence__, __Kentucky__ (city, state).

By: _____

Name: __Michelle Ross__

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 19, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.la.ecf@usdoj.gov

**TRUSTEE:**
Kathy A. Dockery (TR)
efiling@CH13LA.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 19, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Sandra R. Klein
U.S. Bankruptcy Court
255 East Temple Street, Room 1582
Los Angeles, CA  90012-3300

**DEBTOR:**
Lorena Lara
6035 Washington Blvd
Commerce, CA 90044

**BORROWER:**
Paul Mendoza
1305 West Birchcrest Avenue
Brea, CA  92821

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 19, 2016 | Michael Leewright | /s/ Michael Leewright |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 17                    F 4001-1.RFS.RP.MOTION